UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-097-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ARIAN LAMONT BROWN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendant's motion to compel the United States to disclose the identity of a confidential informant and to provide information and materials regarding controlled drug purchases. [Record No. 36] For the following reasons, the motion will be denied in part and granted in part.

In August 2016, Lexington Police Department narcotics detectives received a tip from a qualified confidential informant ("CI") who advised that Defendant Arian Brown was selling large amounts of heroin. [Record No. 23–4, p. 3] Shortly thereafter, officers arranged for the CI to perform two controlled purchases of heroin from Brown. Pursuant to a valid search warrant, on August 25, 2016, officers searched the defendant's residence and seized more than 180 grams of suspected heroin and other drug paraphernalia. A federal grand jury returned a two-count indictment on November 3, 2016, charging the defendant with possessing with the intent to distribute fentanyl and heroin in violation of 21 U.S.C. § 841(a)(1). [Record No. 1] A jury trial is scheduled to begin on May 15, 2017.

The defendant contends that he needs to know the CI's identity to prepare an adequate defense. However, the government has a general privilege to withhold from disclosure the identity of persons who provide information regarding violations of law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). This privilege furthers the public interest in law enforcement by encouraging citizens to report their knowledge of crimes. *Id.* The privilege is especially important when it comes to enforcing the drug laws, because the government must necessarily rely on informants, who are effective only so long as their identities remain secret. *United States v. Lloyd*, 400 F.2d 414, 415 (6th Cir. 1968).

This privilege, however, is not without limits. The privilege must give way where the informant's identity, or the contents of his communications, are "relevant and helpful to the defense of an accused," or "essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60–62. While there is no fixed rule, disclosure generally depends on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62. The danger to the life of the informant is also given significant weight in this analysis. *United States v. Jackson*, 990 F.2d 251, 255 (6th Cir. 1993).

The defendant bears the initial burden of showing how disclosure of an informant's identity would substantively assist his defense. *See United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). This requires more than speculation that the informant's identity would be helpful to his defense. *Id.*

The United States contends that, as a mere tipster who supplied information which led to a search warrant, the informant's identity should not be disclosed. Indeed, courts generally deny disclosure when the informant merely furnishes a tip. *See Lloyd*, 400 F.2d at 416.

However, disclosure has been required when the informant was an "active participant in the events underlying the defendant's potential liability." *United States v. Sharp*, 778 F.2d 1182, 1186 n.2 (6th Cir. 1985). Notably, the defendant has not been charged with crimes stemming from the drug buys themselves. The buys did not take place at the defendant's residence and the CI was not present during the search or at the time of the defendant's arrest. The drug buys involving the CI do not have a direct relationship to the charged criminal conduct. Instead, they served as the basis to secure a search warrant for the defendant's residence.

Importantly, the defendant has not shown that the CI's testimony would assist him in defending against the charged crime. The defendant suggests that the CI could provide evidence that the narcotics seized from his residence did not belong to the defendant but belonged to the defendant's girlfriend, Brittany Glisson. In support, he speculates that the CI might have had a relationship with Glisson, which motivated the CI to provide evidence to law enforcement that was damaging to the defendant. [Record No. 36–3, p. 3] But this assertion constitutes "mere conjecture or supposition about the possible relevancy" of the CI's testimony and is insufficient to warrant disclosure. *See United States v. Sales*, 247 F. App'x 730, 734 (6th Cir. 2007).

Other factors also counsel against compelled disclosure of the CI's identity. If the government chooses to call the CI as a trial witness, the defendant will be able to cross-examine him or he. However, the defendant is not entitled to early disclosure of the person's identity. *See, e.g.*, *United States v. Perkins*, 994 F.2d 1184, 1190–91 (6th Cir. 1993). Conversely, the United States is required to provide the defendant reasonable notice of the general nature of

any 404(b) evidence to be used at trial.[1]  The Court has construed "reasonable notice" to be seven calendar days prior to trial.  [Record No. 10, p. 6]  And while the United States is not required to disclose the informant's identity under Rule 404(b), it has other obligations that address the defendant's concerns regarding possible exculpatory information.

The defendant contends that the United States must provide him with any audio or video recordings of the controlled purchases because they may contain exculpatory statements regarding the defendant's intent (or lack thereof) to distribute narcotics, as well as Glisson's possible role in the conduct.  While there is no general constitutional right to discovery in a criminal case, the government is required to disclose any impeachment evidence relating to prosecution witnesses that is material and exculpatory, as well as any evidence that is favorable to the accused that is material to guilt or punishment.  *See, e.g., Giglio v. United States*, 405 U.S. 150, 153 (1972).  *See also Brady v. Maryland*, 373 U.S. 83, 87 (1963).  There is no hard and fast rule for when this material must be disclosed, but it must be disclosed in time for effective use at trial.

Finally, the defendant contends that the United States is required to produce certain evidence related to the controlled transactions pursuant to Federal Rule of Criminal Procedure 16. Specifically, he argues that he should be provided copies of the buy money, photographs of any controlled substances seized from the CI, and copies of any laboratory testing reports or any other reports verifying that the substances were, in fact, controlled substances.  Rule 16(a)(1)(E) provides:

---

[1] It appears that the United States plans to offer other evidence regarding the defendant's intent including the more than 180 grams of suspected heroin seized from the defendant's residence and the defendant's admissions made at the time of his arrest.

> Upon a defendant's request, the government must permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions or any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief-at trial; or (iii) the item was obtained from or belongs to the defendant.

Materiality requires an "indication that pre-trial disclosure [of the disputed evidence] would have enabled the defendant to alter the quantum of proof in his favor." *United States v. Young,* 553 F. App'x 585, 589 (6th Cir. 2014). While the government has not yet provided notice of its intent to do so, it has suggested that it may introduce evidence of the controlled buys as "other acts" under Federal Rule of Evidence 404(b). Whether such evidence is introduced through the CI or a police officer (presumably), the government would attempt to show that the defendant had the intent to commit the crimes charged. Accordingly, to the extent the government intends to introduce evidence of the controlled buys, it is obligated to provide the defendant access to these items, pursuant to Rule 16. *Cf. Young*, 553 F. App'x at 589 (recording of drug buy at which defendant was present but was not a target and was not incriminated was not material to defendant's case).

Based on the foregoing analysis, it is hereby

**ORDERED** that the defendant's motion to compel [Record No. 36] is **DENIED** in part and **GRANTED** in part.

This 21st day of April, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge