UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-097-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ARIAN LAMONT BROWN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Arian Brown has requested reconsideration of the denial of his motion for "referral to federal defender service," and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 214] The present motion will be denied because Brown has not identified any reason for disturbing the Court's previous decision.

The Federal Rules of Criminal Procedure make no provision for motions to reconsider. However, courts may review such motions under the same standards set out in Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Thomas*, 2020 WL 3511585, \*2 (W.D. Ky. June 29, 2020); *United States v. Holland*, 2016 WL 1047929, at \*1 (E.D. Ky. March 15, 2016) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).

Rule 59(e) permits the Court to alter its previous decision based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). Brown has not identified anything that would satisfy any of these criteria. His memorandum is difficult to follow but he continues to argue that he is entitled to relief under

*United States v. Havis*, which held that the United States Sentencing Guidelines definition of "controlled substance offense" does not include attempt crimes.[1]  927 F.3d 382 (6th Cir. 2019) (discussing U.S.S.G. § 4B1.2).  However, both this Court and the United States Court of Appeals for the Sixth Circuit previously rejected Brown's *Havis* argument in his § 2255 proceeding.  And as explained earlier, the decision in *Havis* does not fall within the limited, exceptional circumstances empowering the court to modify a defendant's sentence under § 3852(c).  [Record No. 212, p. 8]

Next, "newly discovered evidence" generally is limited to evidence that was in existence at the time the original motion was decided but was undiscoverable despite the movant's due diligence.  *See, e.g., Ransdell v. U.S.P.S.*, 2017 WL 6376341, at *2 (E.D. Ky. Dec. 1, 2017).  Such evidence also must be "material and controlling" and be of such a nature that it would clearly produce a different result if presented prior to the original ruling.  *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012).  On this front, Brown reports that his "entire family" has tested positive for COVID-19.  This includes his mother and father, who he alleges care for his two children (ages five and seventeen).  Additionally, he reports that his father's business has been negatively impacted by the effects of COVID-19, impairing his parents' ability to financially support the children.

These allegations do not change the Court's prior decision.  Most people recover from COVID-19 and Brown has made no suggestion that his parents or other family members have not recovered.  Further, Brown has not mentioned his children's mothers or explained why they or their families are not capable for caring for the children.

---

[1]  This difficulty is not based on Brown's alleged lack of access to a pen, but instead, the defendant's use of dense and nearly incomprehensible prose.

Finally, Brown has not identified any intervening change in controlling law or shown that reconsideration is needed to prevent manifest injustice. For all of the reasons explained in the Court's December 30, 2020 Memorandum Opinion and Order, 330 months' imprisonment remains the appropriate sentence and appointment of counsel is not warranted.

Accordingly, it is hereby

**ORDERED** that the defendant's motion for reconsideration [Record No. 214] is **DENIED**.

Dated: February 17, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky