UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-097-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ARIAN LAMONT BROWN, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Arian Brown was sentenced to 330 months' imprisonment after he pleaded guilty to possessing fentanyl and heroin with the intent to distribute those controlled substances.  He subsequently filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence.  The Court denied that motion in October 2019.  Now, more than three years later, Brown has filed a motion to "reopen and amend" his habeas corpus motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) allows a party to seek relief from judgment within a reasonable time for the following reasons: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) satisfied, discharged, or released judgment; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60(b)(6), the catchall provision governing "any other reason" for relief, applies only in exceptional circumstances which "rarely occur in the habeas context."  *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018).

A true Rule 60(b) motion does not attack the substance of the Court's resolution of a claim on the merits.  Instead, it use used to allege some defect in the integrity of the collateral

- 1 -

proceedings.  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  When a Rule 60(b) motion "attempts to add a new ground for relief, it is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion."  *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (cleaned up).  A Rule 60(b) motion that attacks the resolution of a previous claim on the merits also will be considered a § 2255 motion.  *Id.* at 1023.

Here, Brown argues that manifest injustice occurred in his underlying criminal proceedings and that the Court's original resolution of his habeas motion "was based on findings which are no longer (and perhaps never) valid and equitable."  In addition to reasserting ineffective assistance of counsel claims, Brown devotes pages of argument to why he should not be considered a career offender under the United States Sentencing Guidelines— an issue that has been resolved on the merits previously.  Put simply, Brown's motion attacking the merits of his sentence and/or conviction is not a proper Rule 60(b) motion but is a successive habeas claim which requires Sixth Circuit authorization to pursue.  *See In re Sims*, 111 F.3d 45, 48 (6th Cir. 1997); 28 U.S.C. § 2244(b)(3)(A).

Accordingly, it is hereby

**ORDERED** as follows:

1.    The defendant's motion for relief under Rule 60(b) [Record No. 244] is **DENIED**.

2.    The Clerk of the Court is directed to transfer Brown's motion to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings.

Dated: October 28, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky