UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 16-097-DCR |
| ) | |
| V. ) | |
| ) | |
| ARIAN LAMONT BROWN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant Arian Brown has filed a third *pro se* motion for compassionate release [Record No. 258] which he uses to rehash issues from his first two motions, denied in 2020 and 2022. The current motion will be denied because Brown has failed to identify extraordinary and compelling reasons for a sentence reduction and the factors under 18 U.S.C. § 3553(a) do not support reducing his sentence.

**I. Background**

Brown pleaded guilty to possessing with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl and possessing with intent to distribute heroin. He was sentenced on January 12, 2018, to 330 months of imprisonment on each count, to run concurrently, followed by eight years of supervised release. [Record No. 133] His conviction and sentence were affirmed on direct appeal, and his motion for relief under 28 U.S.C. § 2255 was later denied. [Record Nos. 167, 190, 191]

Brown filed his first *pro se* motion for compassionate release under 18 U.S.C § 3582(c)(1)(A) and the First Step Act of 2018 in December 2020. [Record No. 211] He argued

for a sentence reduction based on health problems and a change in the law which would have altered his designation as a career offender under the United States Sentencing Guidelines. The Court denied that motion as well as Brown's motion for reconsideration. The United States Court of Appeals for the Sixth Circuit affirmed the denial of Brown's request for compassionate release. [Record Nos. 221, 231] Brown then filed a second motion for compassionate release under § 3582(c)(1)(A) and the First Step Act of 2018. In it, he cited COVID-19, underlying health issues, and family and childcare concerns. [Record No. 232] That motion was denied by this Court and on appeal. [Record Nos. 253, 255, and 257]

Brown's current motion is similar to the motions he filed in 2020 and 2022. [*See* Record Nos. 211, 232, and 258.] This time, however, he does not raise his own health issues. Instead, he focuses on the poor health of his father and brother. But while Brown insists he is the most suitable caregiver for his ailing family members, he again fails to show that he is the "only available caregiver." Brown continues to argue that, due to nonretroactive changes to sentencing law, the Court should understand those to be extraordinary and compelling reasons to grant compassionate release. Finally, he contends that these circumstances in combination "are similar in gravity" to situations presented in paragraphs (1) through (4) of U.S.S.G. § 1B1.13(b).

The undersigned disagrees with Brown's arguments. And finding no extraordinary and compelling reasons that warrant a sentence reduction, Brown's third motion for compassionate release will be denied.

## II. Legal Standard

As a general matter, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). It, however, may reduce a defendant's sentence if it finds that

"extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors, to the extent they apply, support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))).

The Sentencing Commission amended § 1B1.13, effective November 1, 2023, and enumerated what may constitute extraordinary and compelling reasons for a sentence reduction. Specifically, this Court may consider: "the defendant's (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant was a victim of abuse while in custody"; (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) "unusually long sentence" if a defendant "has served at least ten years of the term of imprisonment" then changes to the law "(other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered . . . but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b)(1)–(4) (U.S. Sent'g Comm'n 2023)); § 1B1.13(b)(5)–(6).

Extraordinary and compelling circumstances contemplated by Congress and the Sentencing Commission have historically focused on circumstances personal to the defendant or his family. *Washington*, 122 F.4th at 267. "'[T]here is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed' for the violation of a statute." *Id.* (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). A criminal defendant

"'serving the duration of a lawfully imposed sentence'" is routine—"'not compelling.'" *Washington*, 122 F.4th at 267 (quoting *McCall*, 56 F.4th at 1056).

### III.  Analysis

### (3) Family Circumstances

Brown also rehashes his family circumstances argument from his second motion for compassionate release.  Again, he argues that his "mother is in desperate need of help to provide for [his] disabled father." [Record No. 258 at 19]  And again, he claims he needs to provide care for his now eight-year-old daughter.  *Id.*  But much like his previous motion, he fails to show that his mother, father, or daughter's caregivers are incapacitated and that he is their "only available caregiver."  Instead, he argues that the United States Probation Office ("USPO") should assist in this "investigation of [his] family circumstances" because his incarceration prevents him from gathering such evidence.  *Id.* at 18.  However, it is not the USPO's burden to show the defendant's alleged extraordinary and compelling circumstances.

Brown does introduce a new family member (his twin brother) and insists that he needs his help.  [Record No. 266 at 4] His brother Adrian Brown states by affidavit that after receiving open heart surgery, his condition has worsened.  [Record No. 265-1 at 1–2]  Further Adrian explains that his child's mother is pregnant, working part time, and taking care of their five-year-old child, which "causes her not to be able to provide adequate care for [him]."  *Id.* at 1.  While desiring to provide support to his ill brother is laudable, Brown has failed to show that he "would be the only available caregiver" for his brother.  Rather, both brothers note the presence of the mother to Adrian's child who has been able to provide Adrian with limited support. [Record Nos. 265-1 at 1 and 266 at 4]

### (6) Unusually Long Sentence

Next, Brown again argues that the Court should consider Congress' modification to 21 U.S.C. § 841(b)(1)(B) because under the new calculations he would have a lower guideline sentence. [Record Nos. 258 at 14 and 266 at 2–3] He also appears to make a similar argument to the one he made in in his second motion for compassionate release regarding *United States v. Havis*. This time, however, he argues that new (and some old) case law concerning the validity of search warrants would result in suppression of some evidence used to convict him. [Record No. 258 at 6–13] It is unclear whether Brown is attempting to show extraordinary and compelling circumstances under "(6) Unusually Long Sentence." § 1B1.13(b)(6). He cites to it in the opening of his motion, mentions it in relation to the search warrant cases, and later argues that his sentence is unusually long. *Id.* at 1, 13–14. Referencing § 841(b)(1)(B) in his Reply, he argues "[t]here is a gross disparity between my sentence and the recalculated guidelines range." [Record No. 266 at 3]

Brown fails, however, to address that while § 1B1.13(b)(6) does reference a defendant who "received an unusually long sentence" it includes "*and* has served at least 10 years of the term of imprisonment." (Emphasis added). To the extent that Brown believes he falls within that exception, there is no dispute that Brown's sentence commenced January 12, 2018, which was less than ten years ago. [Record No. 133]

### (5) Other Reasons

If Brown is arguing that § 841(b)(1)(B)'s changed calculations are "other reasons" constituting extraordinary and compelling grounds for compassionate release, the Court reiterates that there is nothing *extraordinary* about leaving penalties Congress prescribed untouched or *compelling* about Brown serving the duration of his lawfully imposed sentence.

- 5 -

Further, "other reasons" are constrained by the situations enumerated in subsections (1) through (4)—all of which pertain personally the defendant or his family—not nonretroactive changes to the law. The same is true for any alleged changes to case law regarding the validity of search warrants.

Along with his family members' needs, Brown points to his rehabilitation while incarcerated as a factor the Court should consider in determining if extraordinary and compelling reasons exist for compassionate release. In support, he cites his employment at UNICOR refurbishing vehicles and large equipment, work "as an orderly in the captain's complex," a "mountain of completed educational classes," and Prisoner Assessment Tool Targets Estimated Risk and Need ("PATTERN") scores identifying him as having a low risk of recidivating. [Record No. 266 at 5–6] The undersigned applauds Brown's efforts to seize opportunities available to him while incarcerated. But even when combining the changes in law that Brown cites, his rehabilitative efforts, and his family needs—they are neither "similar in gravity" to the instances described in paragraphs (1) through (4) nor extraordinary and compelling.

To avoid repetition, the Court simply adopts its previous findings regarding the 18 U.S.C. § 3553(a) factors and their relationship to Brown. [Record No. 212 and 8–10] The sentence imposed remains appropriate, particularly considering Brown's lengthy criminal history and severity of the crimes for which he was convicted. As previously noted, Brown's criminal history score of eight significantly underrepresents the gravity of his past conduct and a sentence of 330 months' imprisonment is sufficient, but not greater than necessary, to serve the purposes of § 3553(a).

## IV. Conclusion

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that the defendant's third motion for compassionate release [Record No. 258] is **DENIED**.

Dated: January 23, 2025.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky